IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SNYDER RANCHES, INC.,

    Plaintiff,

v.                                                    No. 2:23-CV-00636-MLG-GBW

OXY USA INC.,

    Defendant.

**PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT**

COMES NOW, Plaintiff, Snyder Ranches, Inc., ("Plaintiff"), for itself and all others similarly situated (hereinafter, Plaintiff and the putative Class Members are collectively referred to as the "Class"), and for their cause of action against Defendant, Oxy USA Inc., including all affiliated predecessors and affiliated successors (hereinafter, "Defendant"), allege and state as follows:

**SUMMARY OF THE ACTION**

1.     This class action suit concerns Defendant's willful and ongoing violations of New Mexico law related to payment of oil and gas proceeds ("O&G Proceeds") (as defined in N.M. Stat. Ann. §70-10-2) to Plaintiff and other persons legally entitled to such payments ("Owners").

2.     Plaintiff is an Owner in one or more oil and/or gas wells in New Mexico in which Defendant has incurred an obligation to pay O&G Proceeds (the "New Mexico Wells"). Specifically, Plaintiff is an Owner in the following wells, all of which are in Eddy County, New Mexico:

- NIMITZ MDP1 12 FED COM 7H;
- NIMITZ MDP1 12 FED COM 6H; and
- PALLADIUM MDP1 7/6 FED COM #.

3.  Defendant is the operator of these wells and is obligated to pay O&G Proceeds to Plaintiff within the time periods prescribed by statute and, failing the same, to additionally pay interest at the rate prescribed by statute.

4.  The oil and gas industry has historically been rife with abuse by operators and purchasers who routinely delay and/or suspend payments to Owners to, among other things, obtain interest free loans at the expense of Owners. Because of the lessee's or operator's control over the relationship, they can easily and successfully employ and benefit from such schemes to the detriment of Owners.

5.  New Mexico law attempts to redress and/or prevent such abuses by requiring companies, including Defendant, to pay interest if the payor fails to make payment to the person entitled to payment within the period provided by statute ("Late Payments"). *See* N.M. Stat. Ann. §§ 70-10-4, 10-5; *see generally*, the Oil and Gas Proceeds Payment Act, § 70-10-1, *et. seq.* (the "Act"). Defendant is a "payor," as that term is defined by the Act.

6.  The Oil and Gas Proceeds Payment Act gives Owners a uniform, absolute right to interest on Late Payments, regardless of whether such payments were previously suspended to address title marketability issues, or any other reason such payments were not made within the time limits required by the Act. The plain language of the Act imposes an obligation to include interest on Late Payments. Compliance with this statutory requirement is not optional and does not require a prior written or oral demand by Owners.

7.  The Act sets the terms for payment of O&G Proceeds to Owners and it evidences

the Legislature's acknowledgement of Owners' lack of bargaining power in oil and gas transactions. The Act is intended to remedy the historic imbalance of power unique to oil and gas transactions and to recognize the special relationship between Owners and payors, like Defendant.

8. Defendant is aware of its obligations to pay the required interest on Late Payments. Nevertheless, in violation of New Mexico law, Defendant consistently ignores its obligation to pay interest on Late Payments of O&G Proceeds made to Plaintiff and other Owners. Indeed, upon information and belief, Defendant routinely fails to make timely payment of O&G Proceeds and fails to pay Owners the interest to which they are entitled on such Late Payments under New Mexico law.

9. Accordingly, Plaintiff files this class action lawsuit against Defendant to obtain relief on behalf of all similarly situated Owners who received Late Payments for which Defendant did not include payment of interest as required by the Oil and Gas Proceeds Payment Act.

10. Plaintiff files this class action lawsuit against Defendant for fraud, negligence per se, and breach of its statutory obligation to pay O&G Proceeds and interest. Additionally, Plaintiff seeks an accounting, disgorgement, and injunctive relief against Defendant.

**PARTIES**

11. Plaintiff is a domestic corporation doing business in the State of New Mexico.

12. Plaintiff is an Owner in New Mexico Wells and is entitled to payment of O&G Proceeds therefrom.

13. Defendant Oxy USA Inc. is a foreign corporation with its principal place of business in Houston, Texas.

14. At all times relevant to the claims asserted herein, Defendant was the producing owner(s) or operator(s) of oil and/or gas wells in the State of New Mexico. Defendant was/is

3

obligated to pay O&G Proceeds to Plaintiff and the Owners in the putative class within the time periods prescribed by the Oil and Gas Proceeds Payment Act and, failing that, to pay interest at the rates prescribed in the Act.

## JURISDICTION AND VENUE

15. This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), because: (a) Plaintiff brings this case as a putative class action; (b) the putative class exceeds 100 members; (c) the putative class contains at least one class member who is a citizen of a State different from the Defendant; and (d) the amount in controversy exceeds the sum or value of $5,000,000.

16. Venue for this action lies in the District of New Mexico pursuant to 28 U.S.C. § 1441(a) because this district encompasses Lea County, New Mexico.

## CLASS ACTION ALLEGATIONS

Plaintiff incorporates by reference the allegations in all other paragraphs of this Complaint as if fully set forth in this section.

17. Plaintiff brings this action as the representative of a Class pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3). The proposed Class is comprised of:

> All non-excluded persons or entities to whom: (1) Defendant (or Defendant's designee) made a Late Payment of oil and/or gas proceeds from a New Mexico Well, and (2) who have not been paid statutory interest under the Oil and Gas Proceeds Payment Act.
>
> The persons or entities excluded from the Class are: (1) agencies, departments, or instrumentalities of the United States of America and the State of New Mexico, including but not limited to the U.S. Department of the Interior (the United States, Indian tribes as defined at 30 U.S.C. §1702(4), and Indian allottees as defined at 30 U.S.C. §1702(2)); (2) Commissioners of the New Mexico State Land Office; (3) publicly traded oil and gas companies and their affiliates; (4) persons or entities (and their affiliates) who are the New Mexico Energy, Minerals and Natural Resources Department designated operator of

4

more than fifty (50) New Mexico wells in the month when this Class definition was originally filed; (5) persons or entities that Plaintiff's counsel may be prohibited from representing under Rule 16-107 of the New Mexico Rules of Professional Conduct; and (6) officers of the court.

18. Upon information and belief, absent Class members entitled to statutory interest under the Oil and Gas Proceeds Payment Act owing from Defendant's Late Payments are estimated to be more than fifty (50) and total damages owing to such class members are unknown to Plaintiff at this time. Therefore, the Class is so numerous that joinder of all members is impracticable.

19. The questions of fact and law common to the Class, include:

   a. Whether Plaintiff and the Class own legal interests in the New Mexico Wells upon which Defendant has an obligation to pay O&G Proceeds;

   b. Whether, under New Mexico law, Defendant owed interest to Plaintiff and the Class on any Late Payments it made;

   c. Whether Defendant had a duty to promptly investigate the identity and location of Owners, and to properly pay interest owed to Plaintiff and the Class for any delay in identifying the party to be paid;

   d. Whether Defendant's failure to pay interest to Plaintiff and the Class on any Late Payments constitutes a violation of the Oil and Gas Proceeds Payment Act;

   e. Whether Defendant defrauded Plaintiff and the Class by knowingly withholding statutory interest; and

   f. Whether Defendant is obligated to pay interest on future Late Payments, regardless of whether the Owner makes a request to receive such interest.

20. Plaintiff's claims are typical of the Class' claims because the claims are identical for each Class member.

21. Defendant treated Plaintiff and the Class in the same way by failing to pay the required interest on Late Payments.

22. Defendant treated Plaintiff and the Class in the same way by using a common

payment methodology to calculate the amount of O&G Proceeds owed to Plaintiff and the Class.

23. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff's interests do not conflict with the interests of the Class. Plaintiff retained, and is represented by, counsel who are skilled and experienced in oil and gas matters, accounting, and complex civil litigation, including oil and gas royalty class actions.

24. The averments of fact and questions of law herein, which are common to the members of the Class, predominate over any questions affecting only individual members.

25. A class action is superior to other available methods for the fair and efficient adjudication of this controversy for the following reasons:

   a. The questions of law and fact are so uniform across the Class that there is no reason why individual members of the Class would want to control the prosecution of their own actions, at their own expense;

   b. To Plaintiff's knowledge, there is no pending litigation by any individual Class member, with the same scope of Class membership sought herein, against Defendant relating to Defendant's failure to pay interest owing on the Late Payments of O&G Proceeds as required by law;

   c. The interests of all parties and the judiciary in resolving these matters in one forum without the need for multiplicity of actions is great;

   d. The difficulties in managing this case as a class action will be slight in relation to the personal benefits to be achieved on behalf of each and every Class member, and not just those who can afford to bring their own actions; and

   e. Absent a class action, Plaintiff and the Class members may never discover the wrongful acts of Defendant, the extent of their respective financial losses, or the financial benefit they are unwittingly providing to Defendant.

**GENERAL ALLEGATIONS AND FACTUAL BACKGROUND**

Plaintiff incorporates by reference the allegations in all other paragraphs of this Complaint as if fully set forth in this section.

26. Defendant and/or its affiliates own and/or operate (and/or Defendant owns a

working interest in) numerous oil and/or gas wells throughout New Mexico. Defendant owes payments of O&G Proceeds to Plaintiff and Class members as a result of the oil and gas production from such wells and the legal interest each holds entitling each to such payments.

27. Plaintiff and the Class are entitled to rely on the Defendant to act as a reasonably prudent operator and to diligently investigate their right to receive payments of O&G Proceeds, including interest on Late Payments, and if its investigation concludes that interest is owed pursuant to the Oil and Gas Proceeds Payment Act, to promptly pay Plaintiff and the Class such interest.

28. Plaintiff and Class members are entitled to payment of O&G Proceeds from Defendant and, pursuant to the Oil and Gas Proceeds Payment Act, they are further entitled to statutory interest from Defendant on any Late Payments.

29. Defendant has failed to make payments of O&G Proceeds within the period provided by the Oil and Gas Proceeds Payment Act. Defendant has failed to make payments to Plaintiff not later than six months after the first day of the month following the date of first sale and/or, thereafter, not later than forty-five days after the end of the calendar month within which payment is received by Defendant for production, or as required by any valid contract with an Owner. Moreover, when Defendant made such Late Payments, it did not include the required statutory interest.

30. For example, on Plaintiff's May 25, 2022 check stub, Defendant paid Plaintiff for January 2022 NGL production and gas production from the NIMITZ MDP1 12 FED COM 7H well in the amounts of $147.81 and $119.90, respectively. On information and belief, Defendant received payment for the January 2022 production in January 2022. Therefore, the payment of proceeds from January 2022 production was due no later than March 17, 2022. Specifically, March

17, 2022, is 45 days after the end of the calendar month (*i.e.*, January 2022) in which Plaintiff alleges Defendant received payment for the January 2022 production. This means the May 25, 2022 payment was over two months late. There is no indication on the check stub that statutory interest was included in the Late Payment. This is just an example of Defendant's failure to pay the required interest.

31. When Defendant made Late Payments to Plaintiff and Class Members or held O&G Proceeds in suspense accounts for more than the interest-free period allowed by law, Defendant failed to pay the statutory interest owed pursuant to the Oil and Gas Proceeds Payment Act. On information and belief, Defendant's failure to pay the statutorily required interest on Late Payments continues to this day as part of an ongoing scheme to avoid paying money clearly owed under New Mexico law.

32. Plaintiff and Class members placed their trust, confidence, and reliance in Defendant to pay them the O&G Proceeds to which they were entitled, including any statutory interest owed thereon. Defendant had superior access to information regarding O&G Proceeds and the amounts it owed to Plaintiff and the Class, including statutory interest on Late Payments. Plaintiff and the Class were unaware that Defendant had breached, and continues to breach, its duty to pay statutory interest due under the Oil and Gas Proceeds Payment Act.

33. Upon information and belief, Plaintiff further alleges Defendant did not make reasonable and consistent efforts to identify and locate Owners, or to pay O&G Proceeds to Owners. Instead, Defendant keeps the O&G Proceeds in suspense accounts or a general operating account and makes Late Payments of O&G Proceeds to various states as Unclaimed Property without also paying the statutory interest owed under the Oil and Gas Proceeds Payment Act.

34. Defendant is not permitted to take advantage of its relationship with Plaintiff and

Class members and realize unauthorized benefits or profits at the expense of Plaintiff and the Class. Defendant has used its position as the holder of Plaintiff's and the Class' O&G Proceeds to avoid its statutory obligation to pay the statutory interest due to Plaintiff and the Class in the event of a Late Payment. As such, Defendant has improperly treated Plaintiff's and the Class' O&G Proceeds as an interest-free loan without their consent.

35. In short, Defendant blatantly ignored New Mexico law regarding the payment of interest on Late Payments. Further, Defendant did not hold the O&G Proceeds for the benefit of the owners legally entitled thereto (*i.e.*, Plaintiff and the Class) and, instead, held the O&G Proceeds for its own benefit. Defendant has abused its position with Plaintiff and the Class.

36. Plaintiff and the Class have been damaged by Defendant's unlawful acts and omissions.

37. To the extent Defendant relies on any statute of limitation as a defense, Plaintiff and the putative Class plead that, under the facts at issue here, the doctrines of equitable estoppel or tolling, open account, the discovery rule and/or other defenses apply to toll the running of any statute of limitations.

**CAUSES OF ACTION**

**I.  BREACH OF STATUTORY DUTY TO PAY O&G PROCEEDS AND INTEREST (NEGLIGENCE PER SE)**

Plaintiff incorporates by reference the allegations in all other paragraphs of this Complaint as if fully set forth in this section.

38. Plaintiff brings this cause of action on behalf of itself and the Class.

39. Plaintiff and the Class were legally entitled to the payment of O&G Proceeds from Defendant for wells operated by Defendant in New Mexico, or in which Defendant otherwise had an obligation to pay O&G Proceeds.

9

40. The Oil and Gas Proceeds Payment Act requires Defendant to hold O&G Proceeds from the sale of oil and/or gas production for the benefit of the Owners legally entitled thereto. *See* N.M. Stat. Ann. § 70-10-3. Defendant has a duty to diligently investigate the identity and location of Owners and to timely pay O&G Proceeds that it holds for the benefit of such Owners.

41. The Oil and Gas Proceeds Payment Act requires payment of O&G Proceeds to be made in a timely manner according to the applicable time periods set forth in the Act. *See* N.M. Stat. Ann. § 70-10-3. Specifically, the Oil and Gas Proceeds Payment Act requires O&G Proceeds to be paid "not later than six months after the first day of the month following the date of first sale and thereafter not later than forty-five days after the end of the calendar month within which payment is received by payor for production unless other periods or arrangements are provided for in a valid contract with the person entitled to such proceeds." *See id*.

42. Based upon information and belief, Plaintiff alleges the "production" month reflected on the check stubs Defendant sent to Plaintiff and the Class is the same as the month "within which payment is received by payor for production." *See* N.M. Stat. Ann. § 70-10-3.

43. The Oil and Gas Proceeds Payment Act requires that if the holder of any O&G Proceeds fails, for any reason, to make timely payments to persons entitled to receive such O&G Proceeds, the holder must pay interest on such O&G Proceeds. *See* N.M. Stat. Ann. §§ 70-10-4, 10-5.

44. Defendant held O&G Proceeds belonging to Plaintiff and the Class.

45. Defendant failed to timely pay O&G Proceeds owing to Plaintiff and the Class.

46. Plaintiff and the Class were legally entitled to such O&G Proceeds payments.

47. In violation of the Oil and Gas Proceeds Payment Act, when Defendant ultimately made Late Payments to Plaintiff and the Class, including when it released O&G Proceeds held in

suspense accounts beyond the statutorily prescribed payment periods or paid O&G Proceeds to various states as Unclaimed Property, Defendant did not pay the interest owing on the Late Payments.

48. Defendant's failure to pay statutory interest owing on its Late Payments of O&G Proceeds was knowing and intentional and/or the result of Defendant's willful, malicious, reckless, and/or wanton conduct.

49. Defendant's failure to pay statutory interest owing on its Late Payments of O&G Proceeds has caused Plaintiff and the Class to suffer harm.

50. Plaintiff and the Class have been damaged by Defendant's actions and violation of the law.

51. Defendant's conduct is a result of its actual knowing and willful, wanton, malicious and/or reckless intent to: (a) deceive the members of the Class, and/or (b) deprive such interest from persons Defendant knows, or is aware, are legally entitled thereto. Thus, Defendant should be required to pay punitive damages as a method of punishing Defendant and setting an example for others.

**II.  FRAUD**

Plaintiff incorporates by reference the allegations in all other paragraphs of this Complaint as if fully set forth in this section.

52. Plaintiff brings this cause of action on behalf of itself and the Class.

53. Defendant made uniform misrepresentations and/or omissions on the monthly check stubs sent to Plaintiff and Class members. On its check stubs, Defendant failed to inform Owners that they were entitled to and/or owed statutory interest. Further, Defendant failed to inform Owners on their check stubs whether statutory interest was included in the checks, the

amount of such interest, or the rate by which it was calculated. Defendant also affirmatively misrepresented the total amount owed to Owners on their check stubs by not including statutory interest.

54. Defendant owned and/or operated (and/or Defendant owned a working interest in) numerous oil and/or gas wells throughout New Mexico. Thus, Defendant knowingly and intentionally took on the duties associated with such interests, including the duty to pay O&G Proceeds to Owners in accordance with New Mexico law.

55. Defendant, however, took on such duties with the intent to deceive Owners and not pay the full O&G Proceeds owed. Specifically, Defendant knew it owed interest on Late Payments, but knowingly and intentionally suppressed the fact that statutory interest was owed to Plaintiff and the Class members. Further, Defendant intended to avoid its obligation to pay the statutorily mandated interest and only pay when an Owner specifically requested payment of the statutory interest. Owners have no knowledge that Defendant has held their O&G Proceeds in suspense with no intention of paying statutory interest. Owners have no knowledge that Defendant has paid their O&G Proceeds over to various states as Unclaimed Property with no payment of statutory interest earned pursuant to the Oil and Gas Proceeds Payment Act.

56. The Oil and Gas Proceeds Payment Act gives Owners a right to be accurately informed of the facts, and Defendant has a duty to accurately inform Owners of the facts on which their payments are based. The Act sets the terms for payment of O&G Proceeds to Owners and it evidences the Legislature's acknowledgement of Owners' lack of bargaining power in oil and gas transactions. The Act is intended to remedy the historic imbalance of power unique to oil and gas transactions and to recognize the special relationship between Owners and payors, like Defendant.

57. Defendant undertook the duty to properly account by making statements in check

stubs on a monthly basis to Owners. By speaking on the issue, Defendant had a duty to make full and fair disclosure of all material facts. This is especially so because Defendant had superior and/or specialized knowledge and/or access to information when compared to Owners. Defendant also had a duty not to make affirmative misrepresentations in its check stubs to Owners.

58. Defendant maintains all of the information necessary to determine when an Owner is entitled to statutory interest and the proper amount due under the Oil and Gas Proceeds Payment Act. As such, Defendant knowingly and intentionally deprived Owners of money to which Defendant knows they are legally entitled.

59. Plaintiff and the Class reasonably relied on and trusted Defendant to pay them the full O&G Proceeds, including statutory interest, to which they were entitled under New Mexico law. It is reasonable for Plaintiff and the Class to expect Defendant to follow and comply with New Mexico law.

60. Defendant never informed Owners of its general practice and/or policy to withhold payments of statutory interest until it receives a written request from an Owner.

61. The checks and check stubs Defendant sent to Plaintiff and the Class are the common means by which Defendant communicated misinformation to Plaintiff and the Class.

62. Defendant's failure to include statutory interest in the amount of O&G Proceeds paid to Plaintiff and the Class constitutes an omission of material fact. It also constitutes an affirmative misrepresentation by informing Class Members they are owed an incorrect amount of money.

63. Plaintiff and the Class acted in detrimental reliance on Defendant's omissions, affirmative misrepresentations, and failure to pay statutory interest owed to them by not disputing Defendant's calculations of the amount paid to them.

64. Defendant could have easily included information on unpaid statutory interest when it sent checks to Owners. Defendant intentionally chose not to disclose the fact that it was not paying Owners the statutory interest it owed on Late Payments and, instead, affirmatively misrepresented the proper amount owed to Owners. Defendant obtained the result it intended, namely, ensuring Owners' lack of knowledge.

65. An Owner's right to receive statutory interest on Late Payments is absolute; Defendant cannot contract around it. Therefore, Defendant's duties to account for and pay such interest cannot conflict with its obligations under any lease or other contract with Owners.

66. Plaintiff and the Class have been damaged by Defendant's actions and violations of law.

67. Defendant's failure to pay the interest owed to Plaintiff and the Class is a result of its actual knowing and willful, malicious, wanton, and/or reckless intent to: (a) deceive the members of the Class, and/or (b) deprive such interest from persons Defendant knows, or is aware, are legally entitled thereto. Thus, Defendant should be required to pay punitive damages as a method of punishing Defendant and setting an example for others.

### III. ACCOUNTING AND DISGORGEMENT

Plaintiff incorporates by reference the allegations in all other paragraphs of this Complaint as if fully set forth in this section.

68. Plaintiff requests an accounting on behalf of itself and the Class.

69. Plaintiff requests the Court enter an order directing Defendant to provide an accounting to Plaintiff and Class members which discloses: (a) the amount of accrued interest that Plaintiff and each Class member should have been paid by Defendant, and (b) the method for calculating such amounts.

70. Defendant's payment of statutory interest owed to Plaintiff and the Class does not provide an adequate legal remedy for the violations committed by Defendant because it will not deprive Defendant of the ill-gotten gains it has obtained through its unlawful behavior.

71. The principles of equity and good conscience do not permit Defendant to retain the benefits derived from its improper and unlawful use of interest owed on Late Payments made to Plaintiff and the Class.

72. Therefore, Plaintiff requests the Court enter an order directing Defendant to disgorge itself of any benefits derived from its improper and unlawful use of Plaintiff's and the Class' statutory interest payments, including interest that has accrued on such interest since the time in which Defendant made any Late Payments to Plaintiff and the Class.

## IV.   INJUNCTIVE RELIEF

Plaintiff incorporates by reference the allegations in all other paragraphs of this Complaint as if fully set forth in this section.

73. Plaintiff seeks injunctive relief on behalf of itself and the Class.

74. Unless enjoined by this Court, Defendant will continue its pattern and practice of not paying statutory interest owed on Late Payments to Plaintiff and the Class members.

75. Defendant has utilized its superior knowledge and control of information regarding Plaintiff's and the Class' entitlement to statutory interest on Late Payments to engage in a fraudulent scheme with regard to its willful and intentional failure to pay such interest. As such, Defendant's wrongdoing is ongoing, and future injuries suffered by Plaintiff and the Class are irreparable in that the vast majority of Class members are unaware of their right to be paid statutory interest on Late Payments.

76. There is no adequate and complete remedy at law for Defendant's continuing

violations of the Oil and Gas Proceeds Payment Act.

77. Plaintiff requests the Court enter a permanent injunction, ordering Defendant to pay statutory interest as required by law when Defendant makes future Late Payments to Plaintiff and the Class.

78. Defendant will not suffer any harm from granting the Class members' request for injunctive relief because Defendant's compliance with the Court's order will be consistent with Defendant's legal obligations and duties to Plaintiff and the Class that arise under New Mexico law.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Wherefore, premises considered, Plaintiff seeks:

1. An order certifying and allowing this case to proceed as a class action with Plaintiff as class representative and the undersigned counsel as class counsel;

2. An order requiring Defendant to pay Plaintiff and Class members actual damages to fully compensate them for losses sustained as a direct, proximate, and/or producing cause of Defendant's breaches and/or unlawful conduct including, without limitation, the statutory interest on Late Payments as required by law;

3. An order requiring Defendant to provide Plaintiff and the Class with an accounting;

4. An order requiring Defendant to disgorge itself of the ill-gotten gains it has obtained through the unlawful use of interest owed to Plaintiff and the Class;

5. An order requiring Defendant to pay statutory interest in the future, as required by

law, to Plaintiff and the Class;

6. An order awarding punitive damages as determined by a jury and in accordance with New Mexico law on each of Defendant's wrongful acts, as alleged in this Complaint;

7. An order awarding pre- and post-judgment interest;

8. An order requiring Defendant to pay the Class attorneys' fees and litigation costs as provided by statute; and

9. Such costs and other relief as this Court deems appropriate.

ATTORNEYS' LIEN CLAIMED

DATED: March 6, 2024.                    Respectfully submitted,

Bradley E. Beckworth
Trey Duck
Drew Pate
Lisa Baldwin
Susan Whatley
Nathan B. Hall
**NIX PATTERSON, LLP**
8701 Bee Cave Rd
Building 1, Suite 500
Austin, TX 78746
Telephone: (512) 328-5333
Facsimile: (512) 328-5335
*bbeckworth@nixlaw.com*
*tduck@nixlaw.com*
*dpate@nixlaw.com*
*lbaldwin@nixlaw.com*
*swhatley@nixlaw.com*
*nhall@nixlaw.com*

        Patrick M. Ryan (Pro Hac Vice to be filed)
        Jason A. Ryan (Pro Hac Vice to be filed)
        Paula M. Jantzen
        **RYAN WHALEY PLLC**
        400 N. Walnut Avenue
        Oklahoma City, OK  73104
        (405) 239-6040 telephone
        (405) 239-6766 facsimile
        *pryan@ryanwhaley.com*
        *jryan@ryanwhaley.com*
        *pjantzen@ryanwhaley.com*

        Mark Stout
        Drew Stout
        **STOUT & STOUT LAWYERS LLP**
        3319 A North Grimes
        Hobbs, NM 88240
        Telephone: (575) 393-1555
        Facsimile: (575) 393-1825
        *mark@stoutnm.com*
        *drew@stoutnm.com*

        By: */s/ Mark Stout*
        **ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

    I hereby certify that on March 6, 2024, true and correct copy of the foregoing document was filed electronically in compliance with Fed. R. Civ. P. 5(b)(2)(E) on all parties who have consented to electronic service.

                                                 */s/ Mark Stout*
                                                 Mark Stout