IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SNYDER RACNHES, INC.

    Plaintiff,

v.                                         Civ. No. 23-636 MLG/GBW

OXY USA INC.,

    Defendant.

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT OXY USA INC.'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES**

THIS MATTER comes before the Court on Defendant Oxy USA Inc.'s Motion to Compel Answers to Interrogatories. *Doc. 79*. Having considered the Motion, the attendant briefing (*docs. 88*, *89*) and the parties' oral arguments (*doc. 109*), the Court will GRANT the Motion IN PART and DENY the Motion IN PART as described below.

**I.    BACKGROUND**

This case arises from a dispute under New Mexico oil and gas law between Plaintiff, the owner of three natural gas wells in Eddy County, New Mexico, and Defendant, the operator of those wells. *See doc. 35* at ¶¶ 1-4, 12-14. Plaintiff filed suit in state court on June 26, 2023, *see doc. 1-2*, and Defendant removed the case on July 28, 2023, *see doc. 1*. Relevant here, Plaintiff's operative Complaint asserts claims for negligence per se (based on Defendant's alleged violation of the New Mexico Oil and Gas Proceeds Payment Act ("NMPPA")), breach of duty to investigate and pay royalties,

1

and fraud. *Doc. 35* ¶¶ 38-67. Plaintiff seeks both damages and equitable relief on behalf of itself and a putative class. *Id*. ¶¶ 68-78.

Defendant filed its Motion to Compel Answers to Interrogatories ("Motion") on January 17, 2025. *Doc. 79*. The Motion seeks to compel Plaintiff to provide complete responses to twenty-one interrogatories concerning Plaintiff's allegations regarding the putative class, the NMPPA, fraud, and equitable relief. *See generally id*. Plaintiff filed its Response in Opposition to the Motion on February 14, 2025. *Doc. 88*. The Motion was fully briefed on February 28, 2025, *doc. 90*, with the filing of Defendant's Reply, *doc. 89*. The Court held a hearing on the Motion on June 2, 2025. *Doc. 109*. At the hearing, the Court stated its ruling and set forth its reasoning on the record. *See generally id*. This written Order memorializes the Court's oral ruling.

## II.   LEGAL STANDARDS

### A. Scope of Discovery

Defendant's motion concerns the validity of a number of objections made by Plaintiff to its discovery requests. The Federal Rules of Civil Procedure provide, generally:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

2

Fed. R. Civ. P. 26(b)(1).  Evidence is relevant if it has any tendency to make a material fact more or less probable.  Fed. R. Evid. 401.  Information "need not be admissible in evidence to be discoverable," Fed R. Civ. P. 26(b)(1), and discovery rules "are to be accorded a broad and liberal treatment," *Herbert v. Lando*, 441 U.S. 153, 177 (1979).  However, "Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly."  *Murphy v. Deloitte & Touche Grp. Ins. Plan*, 619 F.3d 1151, 1163 (10th Cir. 2010) (quoting *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998)).

When one party improperly fails to respond to another party's discovery requests, the requesting party may move to compel disclosure and for appropriate sanctions.  Fed. R. Civ. P. 37(a)(3)(A).  "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."  Fed. R. Civ. P. 37(a)(4).

Federal Rule of Civil Procedure 33 governs interrogatories to parties.  "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath."  Fed. R. Civ. P. 33(b)(3).  Where the responding party objects, the grounds for such objection "must be stated with specificity."  Fed. R. Civ. P. 33(b)(4). Objections not timely made are waived.  *Id*.  In response to certain interrogatories, Plaintiff includes the prefatory phrase "subject to and without waiving the foregoing objections" before providing an answer.  *See generally doc. 79-1*.  Such disclaimer notwithstanding, a "unilateral declaration that no objections are waived will

3

not be allowed to displace the command of Rule 33 that the party either answer fully or object." *D.J. Simmons, Inc. v. Broaddus*, 2001 WL 37125080, at *3 (D.N.M. July 10, 2001) (quoting *Dollar v. Long Mfg., N. C., Inc.*, 561 F.2d 613, 617 (5th Cir. 1977)).

### B. Information Protected from Discovery and the Work Product Doctrine

As provided by Rule 26, privileged information is protected from discovery. Privileged matters are not subject to Rule 26's broad discovery requirements. *See Hickman v. Taylor*, 329 U.S. 495, 508 (1947). Nevertheless, "[a] party seeking to assert the privilege must make a clear showing that it applies." *Peat, Marwick, Mitchell & Co. v. West*, 748 F.2d 540, 542 (10th Cir. 1984). A mere allegation that a privilege applies is insufficient, and "[t]he applicability of the privilege turns on the adequacy and timeliness of the showing as well as the nature of the document." *Id*. Rule 26(b)(5)(A) states:

> When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Fed. R. Civ. P. 26(b)(5)(A). "This detailed and specific showing . . . is typically presented in the form of a privilege log." *Kannaday v. Ball*, 292 F.R.D. 640, 645 (D. Kan. Apr. 3, 2013). "The law is well settled that failure to produce a privilege log or

4

production of an inadequate privilege log may be deemed waiver of the privilege." *Anaya v. CBS Broad., Inc.*, 251 F.R.D. 645, 651 (D.N.M. July 6, 2007) (citations omitted).

Work product materials enjoy a qualified protection from discovery. *Sanchez v. Matta*, 229 F.R.D. 649, 654 (D.N.M. June 24, 2004) (citing *Hickman*, 329 U.S. at 510). The work product doctrine "shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case." *United States v. Nobles*, 422 U.S. 225, 238 (1975); *see also Resol. Tr. Corp. v. Dabney*, 73 F.3d 262, 266 (10th Cir. 1995) (the attorney work product doctrine "is intended only to guard against divulging the attorney's strategies and legal impressions"). The protection applies to materials "prepared by [an] attorney in anticipation of litigation or for trial," *In re Grand Jury Procs.*, 616 F.3d 1172, 1184 (10th Cir. 2010) (citation omitted), and is limited to documents reflecting the attorney's mental impressions, which are a prerequisite to the doctrine's application, *see Nobles*, 422 U.S. at 238; *In re Grand Jury Procs.*, 658 F.2d 782, 784-85 (10th Cir. 1981). Facts contained within work product are not protected and remain subject to discovery. *Resol. Tr. Corp.*, 73 F.3d at 266. The party asserting work-product protection must establish its applicability as to specific questions or documents, rather than through a blanket claim. *See Foster v. Hill* (*In re Foster*), 188 F.3d 1259, 1264 (10th Cir. 1999) (citation omitted).

### C. Objections Based on Prematurity of Request and Contention Interrogatories

Generally, interrogatories must be answered within thirty days of being served. Fed. R. Civ. P. 33(b)(2). The Federal Rules provide that in the case of "contention" interrogatories (interrogatories that ask for an opinion or contention relating to fact or the application of law to fact), the court "may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time." Fed. R. Civ. P. 33(a)(2); *see Lucero v. Valdez*, 240 F.R.D. 591, 594 (D.N.M. Mar. 9, 2007). However, even contention interrogatories must be timely answered unless the court finds a compelling justification for delay. *See Pouncil v. Branch L. Firm*, 277 F.R.D. 642, 649-50 (D. Kan. Dec. 13, 2011) (finding "no persuasive reason for Defendants to defer their answers" to interrogatories); *Anaya v. CBS Broad. Inc.*, 2007 WL 2219458, at *9 (D.N.M. May 16, 2007) (overruling an objection of prematurity and noting plaintiff's "duty to provide [defendants] with the most complete answers to her knowledge at this time.").

### D. Expenses

If a motion to compel is granted under Rule 37, the Court must award the movant reasonable expenses, including attorney's fees, incurred in bringing the motion. Fed. R. Civ. P. 37(a)(5)(A). However, the Court must not award expenses if: (i) the movant filed the motion without first making a good faith effort to obtain the discovery without court involvement; (ii) the opposing party's nondisclosure, response, or

objection was substantially justified; or (iii) other circumstances make an award for expenses unjust. *Id.*

### III. ANALYSIS

Plaintiff opposes the Motion on two principal grounds: (1) the interrogatories improperly seek disclosure of attorney work product, and (2) the interrogatories constitute premature contention interrogatories. *See generally doc. 88*. The Court finds both arguments unavailing. Based on the case law cited above and the explanations provided to counsel during the hearing on the Motion held on June 2, 2025, the Court rules as follows:

#### A. Interrogatories 2-9

Counsel advised that these issues have been resolved for the time being. In a May 29, 2025, communication to the Court, counsel represented that a ruling could be deferred on Interrogatories 2-4 as they relate to the putative class, but not as to Plaintiff, and on Interrogatories 5-9 as to both Plaintiff and the putative class. At the hearing, Defendant's counsel further advised that Plaintiff agreed to supplement responses to Interrogatories 2-4 with respect to Plaintiff individually, including identifying the royalty agreements under which Plaintiff holds an interest in production from Defendant-operated wells. *See doc. 109 at 2*.

Accordingly, Defendant's Motion is DENIED AS MOOT with respect to Interrogatories 5-9 for both Plaintiff and the putative class, and Interrogatories 2-4 as

they relate to the putative class.  Defendant's Motion is GRANTED with respect to Interrogatories 2-4 as to Plaintiff.  By **June 30, 2025**, Plaintiff shall serve supplemental responses to Interrogatories 2-4, including identification of the royalty agreements under which Plaintiff owns an interest in production from Defendant-operated wells.

### B.  Interrogatories 10-15 and 17-23

The Court compels complete responses to Interrogatories 10-15 and 17-23 because Plaintiff's objections to these requests are without merit.  First, for the reasons stated at the hearing, the Court is not persuaded by Plaintiff's broad invocation of the work-product doctrine.  *See Foster*, 188 F.3d at 1264.  The interrogatories seek facts and evidence supporting the allegations set forth in the operative Complaint, not counsel's mental impressions, conclusions, opinion, or legal theories.[1]  *See Resol. Tr. Corp.*, 73 F.3d at 266.  Second, although the interrogatories are properly characterized as contention interrogatories, they are appropriate at this stage of the litigation.  Discovery has been ongoing for nearly a year, and Plaintiff has had sufficient time to develop its factual positions.  Accordingly, the Court finds no basis to defer responses.

Thus, Defendant's Motion is GRANTED as to Interrogatories 10-15 and 17-23.  Plaintiff shall respond to each interrogatory by identifying responsive information currently in its possession or control that is principal and material.  *See doc. 109* at 7

---

[1] As noted at the Motion hearing, if there are specific documents subject to privilege (distinct from the mental impressions discussed at the hearing), Plaintiff may submit a privilege log.  However, the Court is not addressing any such claims of privilege at this time.  *See doc. 109* at 7.

(noting the Court's explanation at the hearing that it applies "principal and material" according to its ordinary meaning in plain English). Plaintiff remains under a continuing obligation to supplement or correct its responses as required by Federal Rule of Civil Procedure 26(e).

### IV.   EXPENSES

The Court declines to impose costs or sanctions under Rule 37 at this time because Defendant did not request such relief and Plaintiff's objections were substantially justified. *See* Fed. R. Civ. P. 37(a)(5)(A)(ii).

### V.   CONCLUSION

For the reasons stated above, Defendant Oxy USA Inc.'s Motion to Compel Answers to Interrogatories (*doc. 79*) is GRANTED IN PART and DENIED IN PART.

To the extent it has not already done so, Plaintiff shall provide full and complete responses to Interrogatories 2-4 (as to Plaintiff) and Interrogatories 10-15 and 17-23, subject to the Court's limitations. For any interrogatory where no information has been withheld, Plaintiff shall so certify.

Plaintiff's responses to the above-listed discovery requests are due no later than **June 30, 2025.**

**IT IS SO ORDERED**.

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE