IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SNYDER RANCHES, INC.

    Plaintiff,

v.                                         Civ. No. 23-636 MLG/GBW

OXY USA INC.,

    Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL 30(B)(6) TESTIMONY**

THIS MATTER comes before the Court on Plaintiff's Motion to Compel 30(b)(6) Testimony (*doc. 115*) (hereinafter "Motion"). Having considered the Motion, the attendant briefing (*docs. 130, 138*) and the parties' oral arguments (*doc. 140*), the Court will GRANT the Motion IN PART as described below.

**I.    BACKGROUND**

This case arises from a dispute under New Mexico oil and gas law between Plaintiff, the owner of three natural gas wells in Eddy County, New Mexico, and Defendant, the operator of those wells. *See doc. 35* at ¶¶ 1-4, 12-14. Plaintiff filed suit in state court on June 26, 2023, *see doc. 1-2*, and Defendant removed the case on July 28, 2023, *see doc. 1*. Relevant here, Plaintiff's operative Complaint asserts claims for negligence per se (based on Defendant's alleged violation of the New Mexico Oil and Gas Proceeds Payment Act ("NMPPA")), breach of duty to investigate and pay royalties,

1

and fraud.  *Doc. 35* ¶¶ 38-67.  Plaintiff seeks both compensatory and punitive damages as well as equitable relief on behalf of itself and a putative class.  *Id*. ¶¶ 68-78.

Plaintiff filed its Motion on August 11, 2025.  *Doc. 115*.  The Motion sought to compel 30(b)(6) testimony from Defendant in three disputed categories: (1) Defendant's policies concerning late payments and payment of statutory interest in other states (not New Mexico); (2) Defendant's payment of oil and gas proceeds and statutory interest to state entities; and (3) Defendant's affirmative defenses.  *See id*. at 6-8.  Subsequent to the Motion's filing, the parties resolved the disputes as to categories (2) and (3).  *See doc. 130* at 1-2.  Consequently, only category (1) remained in dispute for the Court to resolve.  The Motion was fully briefed on September 22, 2025, with the filing of Plaintiff's Reply.  *See doc. 138*.  The Court held a hearing on the Motion on September 23, 2025.  *Doc. 140.*  At the hearing, the Court stated its ruling and set forth its reasoning on the record.  *See generally id*.  This written Order memorializes the Court's oral ruling.

## II.  SCOPE OF DISCOVERY

The Federal Rules of Civil Procedure provide, generally:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). Evidence is relevant if it has any tendency to make a material fact more or less probable. Fed. R. Evid. 401. Information "need not be admissible in evidence to be discoverable," Fed R. Civ. P. 26(b)(1), and discovery rules "are to be accorded a broad and liberal treatment," *Herbert v. Lando*, 441 U.S. 153, 177 (1979). However, "Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly." *Murphy v. Deloitte & Touche Grp. Ins. Plan*, 619 F.3d 1151, 1163 (10th Cir. 2010) (quoting *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998)).

### III. ANALYSIS

Defendant opposes the Motion on two principal grounds: (1) the disputed category of testimony is insufficiently relevant to Plaintiff's claims to justify compelling the testimony, and, (2) even assuming relevance as to the merits of Plaintiff's claims, this testimony is not relevant for the class certification decision and thus the discovery should not be permitted in the current phase of discovery. *See generally doc. 130*. The Court finds both arguments unavailing.

#### A. Relevance on the Merits

As explained at the hearing, the Court finds that the category (1) testimony is relevant to Plaintiff's claims of fraud and request for punitive damages. On both matters, the questions of Defendant's intent would be paramount. Defendant's capability to accurately and timely account for payments owed to payees as well as intentional choices to treat certain payees differently is probative on the question of

3

Defendant's intent. Undeniably, there may be valid, legal and appropriate reasons for the different treatment, it is a relevant category of inquiry. Given its relevance, the analysis turns to proportionality. On this point, Defendant's briefing raises only one argument. It indicates that it "is rightfully concerned [that] disclosing information regarding its practices in different states … may lead to lawsuits in other states." *Doc. 130* at 6-7. First, as recognized by Defendant, it may avail itself of the Court's protective order to protect sensitive and confidential information. *Id*. at 6 (citing *doc. 54*). Second, while the Court is not naïve about the "watertight" nature of protective orders and confidentiality markings, this argument is simply insufficiently developed to outweigh the relevance of the testimony in the Rule 26 analysis.

In conclusion, the Court finds that the disputed category (1) testimony is discoverable under Rule 26 and is appropriate for a 30(b)(6) deposition.

### B. Class Certification and Phased Discovery

As Defendant notes, the Court has implemented a phased discovery plan for this case. *See doc. 50*. Specifically, the Court ordered that Phase One discovery "will address [] facts relevant to the issue of [class] certification under Rule 23. However, as per agreement of the parties, Phase One discovery will focus on but not be limited to issues exclusively germane to class action issues." *Id*. at 1. Defendant argues that, because the parties remain in Phase One and the disputed testimony is irrelevant to class certification, it should be denied at this time. *Doc. 130* at 2-3. The Court rejects this

argument as well.  While the Court is less persuaded of the relevance of the disputed testimony as to class certification, there is a plausible argument it could be used to address issues such as commonality and predominance.  *Doc. 138* at 2-3.  More importantly, given the lack of any briefed burdensome argument from Defendant, the proportionality analysis of the testimony would not change whether it applied to an entire class or this Plaintiff as an individual.  In other words, the testimony would be permitted now or later regardless of the resolution of the class certification question.  This conclusion is strengthened by the fact that the Court did not order a strict bifurcation of discovery between class certification and merits matters.

### IV. CONCLUSION

For the reasons stated above, Plaintiff's Motion to Compel 30(b)(6) Testimony (*doc. 115*) is GRANTED IN PART.  Defendant shall designate witness or witnesses on topics 6 and 7 within a reasonable time.

The Court declines to impose costs or sanctions under Rule 37 at this time because Plaintiff did not request such relief and Defendant's objections were substantially justified.  *See* Fed. R. Civ. P. 37(a)(5)(A)(ii).

**IT IS SO ORDERED**.

GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE